**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **SIGNET MARITIME CORPORATION** | § | |
| | § | |
| Plaintiff, | § | C.A. NO.: 1:24-cv-4 |
| | § | |
| v. | § | IN ADMIRALTY |
| | § | |
| **SHANGHAI MING WAH SHIPPING CO,** | § | |
| *in personam*, **MV CHANG HANG HUI HAI,** | § | |
| **her engines, freights, apparel,** | § | |
| **appurtenances, tackle, etc.,** *in rem*, | § | |
| | § | |
| Defendants. | § | |

**ORIGINAL VERIFIED COMPLAINT**

COMES NOW Plaintiff, Signet Maritime Corporation (hereinafter "Signet" or "Plaintiff"), by and through its undersigned counsel, as and for its Original Verified Complaint against the motor vessel CHANG HANG HUI HAI (IMO Number: 9436109), her engines, freights, apparel, appurtenances, tackle etc. *in rem* (hereinafter "CHHH" or "Vessel") and Shanghai Ming Wah Shipping Co., *in personam*, (hereinafter "Shanghai") (collectively "Defendants"), alleges and pleads as follows:

**JURISDICTION AND VENUE**

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is brought under the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Rule C").

1

2.  Jurisdiction is founded on the presence within the District of the M/V CHHH, which may be arrested to enforce a maritime lien in accordance with the provisions of Rule C, as pled below.

3.  Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) as the M/V CHHH is currently, or will be during the pendency of this action, located in this District.

## THE PARTIES

4.  At all times material hereto, Plaintiff, Signet, was a Delaware corporation with a principal place of business in Houston, Texas, and is authorized to do business in this State. Signet is an international marine transportation and logistics company that owns and operates a fleet of tugboats with several facilities. Signet has facilities in Brownsville, Texas; Ingleside, Texas; Pascagoula, Mississippi; and Jacksonville, Florida.

5.  Defendant M/V CHANG HANG HUI HAI was and is a bulk carrier cargo vessel, registered in China, bearing International Maritime Organization Number (IMO #:) 510493, and, is now, or will be during the pendency of this action, within the Southern District of Texas, and subject to the jurisdiction and venue of this Honorable Court. Upon information and belief, the Vessel's registered owner and manager is defendant Shanghai Ming Wah Shipping Co.

6.  Upon information and belief, Defendant Shanghai Ming Wah Shipping Co. is a foreign corporation organized under the laws of China and the registered owner and manager of the motor vessel CHANG HANG HUI HAI.

## FACTS

7.  Signet owns a full-service facility and dock in Brownville, Texas located at 7400 Capt. Donald L. Foust Rd., Brownville, Texas 78521. Signet docks their tugboats at their facility in Brownsville when not being utilized.

8.     On or about January 8, 2023 at approximately 1230 local time, the M/V CHHH broke free from dock 12 where she was berthed at, located across the channel from Signet's Brownsville facility, and struck tugboats and a dock owned by Signet.

9.     At the time of the incident, three Signet tugboats, the SIGNET MAGIC, SIGNET RANGER and SIGNET DEFENDER, were securely berthed at Signet's dock in Brownsville, Texas. All three (3) of these tugboats sustained damage as a result of the incident. The M/V CHHH caused substantial damage to Signet when the M/V CHHH allided with Signet's dock and Signet's tugboats berthed at Signet's facility located in Brownsville.

10.    The damages to Signet's Brownsville facility and tugboats were in no way attributable to any fault, negligence or want of care on the part of Signet, but rather were the result of, and caused by the unseaworthiness, fault, negligence and want of care of the M/V CHHH and/or her owners, operators, managers, other charterers and/or agents in the following non-exclusive respects:

   a. Failing to adequately, properly and/or safely berth and adequately secure and tend to the mooring of the M/V CHHH;

   b. Failing to adequately, properly and/or safely operate the M/V CHHH;

   c. Failing to adequately maintain and/or inspect the M/V CHHH's mooring lines, parts and equipment;

   d. Failing to operate the M/V CHHH in a manner that would not cause damage to Plaintiff's property;

   e. Failing to establish and/or follow proper and adequate procedures to ensure the safe operation of the M/V CHHH;

   f. Negligent operation of the M/V CHHH;

   g. Failing to ensure the M/V CHHH was in all respects fit and seaworthy for her intended purposes and use;

  h.  Failing to ensure the seaworthiness of the M/V CHHH in equipment, supplies and adequately trained personnel;

  i.  Failing to operate the M/V CHHH with a properly trained and competent crew;

  j.  Failure of the Master and crew to properly control the M/V CHHH;

  k.  Failure of the Master and crew to exercise reasonable care in the operation of the M/V CHHH;

  l.  Failure of the Master and crew to take the necessary evasive maneuvers/measures to avoid damage to Signet's property;

  m.  Otherwise failing to use due care under the circumstances;

  n.  Any and all acts of negligence, fault, unseaworthiness, statutory violations and/or lack of due care to be proven at trial; and

  o.  Failing to obtain weather reports and take the measures needed to securely and safely keep the M/V CHHH, adequately secured in her berth in light of developing weather conditions.

11. Each of the above referenced acts and/or omissions, singularly or in combination with others, constituted negligence and/or unseaworthiness by having a causal relationship with the damages suffered by Plaintiff.

12. Signet would further show that defendant Shanghai was charged with the management of the M/V CHHH. Defendant Shanghai was negligent through its acts and/or omissions, jointly and severally, by and through agents, servants, and/or employees, acting in the course and scope of their respective employment, individually and/or collectively.

13. Signet is currently investigating the damages caused to its dock and tugboats by M/V CHHH. However, repairs to Signet's dock and its three (3) tugboats are estimated to exceed USD 3,500,000.00. Signet expects it will incur lost revenue, loss of use of its tugboats and dock, and additional costs and expenses associated with mitigating the effects of the incident in an as yet undetermined amount.

## ADMIRALTY RULE C ALLEGATIONS IN SUPPORT OF ARREST

14. Signet repeats and re-alleges all matters alleged in the above and foregoing Original Verified Complaint, and for its further and additional admiralty *in rem* claims against M/V CHHH, alleges and pleads as follows:

15. The tortious damage to Signet's property occasioned by the fault and neglect of the M/V CHHH upon navigable waters gives rise to a maritime lien in favor of Signet enforceable by an action *in rem* pursuant to Admiralty Rule C. *See* 46 U.S.C. 31301(5)(B); *see also* Fed. R. Civ. P. Supp. R. C(1)(a).

16. Rule C provides that an action *in rem* may be brought to enforce any maritime lien. *See* Fed. R. Civ. P. Supp. R. C(1)(a).

17. The M/V CHHH, *in rem,* is liable to Signet for the physical damages sustained by Signet, as well as for all economic losses and damages related to or arising from her negligence and/or unseaworthiness as set forth herein, plus all expenses, fees, and both pre-judgment and post-judgment interest on all sums awarded.

18. Signet possesses one or more maritime liens against the M/V CHHH for all damages directly or indirectly attributable to the circumstances described above. *See* 46 U.S.C. 31301(5)(B).

19. Signet reserves the right to amend this Complaint to include additional claims and/or damages as may become available after further investigation and/or discovery.

## MARITIME PRESUMPTION OF FAULT

20. Paragraphs 1-19 above are incorporated by reference into this section as if restated herein in their entirety.

21. The M/V CHHH is presumed to be at fault by virtue of the maritime law presumption of fault arising when a moving vessel, such as the M/V CHHH, strikes a stationary object, such as the dock owned and/or operated by Signet in Brownsville, Texas, and Signet's tugboats that were moored alongside the said dock.

22. Defendants are presumed to be at fault for violations of maritime law, including but not limited to the duty to act with reasonable care to prevent its Vessel from becoming a hazard to navigation and ultimately alliding with a stationary object resting in a location where it had a lawful right to be.

## DAMAGES

23. Plaintiff is currently investigating and surveying its damages. As of the filing of this suit, Plaintiff estimates its damages will exceed USD 3,500,000.00. Accordingly, Plaintiff's claim for the amount of USD 3,500,000.00 attaches as a maritime lien to the M/V CHHH, *in rem,* for Defendant's tortious damage to Signet's property occasioned by the fault and neglect of the M/V CHHH upon navigable waters. *See* 46 U.S.C. 31301(5)(B); *see also* Fed. R. Civ. P. Supp. R. C(1)(a).

24. Plaintiff also seeks its recoverable costs, fees, and interest in this matter. It is common in Rule C arrest cases for the security to be set at two (2) times of the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest in the amount of **USD 7,000,000.00**. *See* Supplemental Rule E(5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to cover interest, costs, and recoverable fees, etc.).

25. Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

26.     Plaintiff reserves the right to amend its damages pending the completion of Plaintiff's preliminary investigation and survey of the damages caused by Defendants, which has yet to occur. Pending the completion of the survey, it may be necessary for the Court to amend the security amount.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.      That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against Defendant M/V CHANG HANG HUI HAI (IMO Number: 9436109) her engines, freights, apparel, appurtenances, tackle etc. *in rem*, including the issuance of a warrant for the arrest of the M/V CHANG HANG HUI HAI (IMO Number: 9436109), and that the said Vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B.      That judgment be entered in favor of Plaintiff and against the Defendant M/V CHANG HANG HUI HAI, *in rem*, and Defendant Shanghai Ming Wah Shipping Co, *in personam*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

C.      That the M/V CHANG HANG HUI HAI (IMO Number: 9436109), her engines, freights, apparel, appurtenances, tackle etc. *in rem*, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

D.      That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Respectfully Submitted,

Houston, Texas                                              GAITAS & CHALOS, P.C.

January 8, 2024

/s/Jonathan M. Chalos
Jonathan M. Chalos
State Bar No. 24097482
Federal Bar No. 3008683
George A. Gaitas
State Bar No. 24058885
1908 N Memorial Way
Houston, Texas 77007
Telephone: (281) 501-1800
Facsimile:  (832) 962-8178
Email: gaitas@gkclaw.com
          chalos@gkclaw.com

*Attorneys for Plaintiff*
Signet Maritime Corporation