**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **SIGNET MARITIME CORPORATION** | § | |
| | § | |
| Plaintiff, | § | C.A. NO.: 1:24-cv-4 |
| | § | |
| v. | § | IN ADMIRALTY |
| | § | |
| **SHANGHAI MING WAH SHIPPING CO,** | § | |
| *in personam,* **MV CHANG HANG HUI HAI,** | § | |
| her engines, freights, apparel, | § | |
| appurtenances, tackle, etc., *in rem*, | § | |
| | § | |
| Defendants. | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

Plaintiff, SIGNET MARITIME CORPORATION ("Signet" or "Plaintiff") and SHANGHAI MING WAH SHIPPING CO. LTD., Claimant of the M/V CHANG HANG HUI HAI, *in rem,* ("Claimant"), pursuant to its previously-filed Supplemental Admiralty Rule E(8) restricted appearance, respectfully submit the following Case Management Plan:

**1.  State where and when the conference among the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

The parties conferred by way of a teleconference on March 29, 2024 and April 29, 2024. The following counsel attended for each party:

**For Plaintiff**, Signet Maritime Corporation:

Gaitas & Chalos, P.C.
Jonathan M. Chalos, Esq.
chalos@gkclaw.com
1908 N Memorial Way
Houston, Texas 77007
Tel: (281) 501-1800
Fax: (832) 962-8178


**For Claimant,** Shanghai Ming Wah Shipping Co. Ltd.

1

Royston Rayzor
Eugene W. Barr, Esq.
Eugene.barr@roystonlaw.com
1415 Louisiana St.
Suite 4200
Houston, Texas 77002
Tel: (713) 224-8380
Fax: (713) 225-9945

**2.** **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

None.

**3.** **Specify the allegation of federal jurisdiction:**

Plaintiff alleges this is a cause within the admiralty and maritime jurisdiction of this Court pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure (hereinafter "Admiralty Rule C"). Jurisdiction at the time of filing was founded on the presence of *in rem* defendant, M/V CHANG HANG HUI HAI (the "Vessel"), within the Southern District of Texas. A Letter of Undertaking has been provided on behalf of the Vessel to serve as substitute *res*.

**4.** **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted:**

The parties do not anticipate adding any additional parties at this time.

**5.** **List anticipated interventions, if any:**

The parties do not anticipate any interventions.

**6.** **Describe class-action issues, if any:**

Not applicable.

**7.** **State whether each party represents that it has made the initial disclosures required by Federal Rule of Civil Procedure 26(a). If not, describe the arrangements that have been made to complete the disclosures:**

The parties have not exchanged the initial disclosures required by Federal Rule of Civil Procedure 26(a) yet. The parties agree that they will exchange initial disclosures in accordance with Fed. R. Civ. P. 26(a) on or before May 17, 2024.

**8.     Describe the proposed agreed discovery plan, including:**

   **A.  When and to whom the plaintiff anticipates it may send interrogatories.**

   Plaintiff anticipates it will serve interrogatories on Defendants by July 19, 2024.

   **B.  When and to whom the claimant anticipates it may send interrogatories.**

   Claimant anticipates it will serve interrogatories on Plaintiff by July 19, 2024.

   **C.  Of whom and by when the plaintiff anticipates taking oral depositions.**

   Plaintiff anticipates taking the following oral depositions:

   - Master and/or chief officer and/or chief engineer of the Vessel;
   - Corporate Representative of Claimant/Vessel;
   - Eyewitnesses identified in Claimant's Initial Disclosures; and
   - Claimant's expert witness(es)

   Because some of the witnesses Plaintiff anticipates deposing are crewmembers at sea, Plaintiff anticipates having to make special accommodations with Defendants to complete said depositions. Plaintiff reasonably believes that the foregoing depositions can be completed by October 25, 2024.

   **D.  Of whom and by when the claimant anticipates taking oral depositions.**

   Claimant anticipates taking the following oral depositions:

   - Corporate representative of Plaintiff;
   - Fact witnesses identified by Plaintiff with knowledge of the incident and/or Plaintiff's alleged damages; and
   - Plaintiff's expert witness(es)

   **E.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Federal Rule of Civil Procedure 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

   Plaintiff will be able to designate experts and provide the reports required by Federal Rule Of Civil Procedure 26(a)(2)(B) by July 26, 2024.

   Claimant will be able to designate experts and provide the reports required by Federal Rule Of Civil Procedure 26(a)(2)(B) by August 26, 2024.

    **F. List expert depositions that the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.** *See* **Federal Rule of Civil Procedure 26(a)(2)(B).**

    Plaintiff intends to take depositions of Defendant/Claimant's expert witness(es) and believes this can be accomplished by October 25, 2024.

    **G. List of expert depositions that the opposing party anticipates taking and their anticipated completion date.** *See* **Federal Rule of Civil Procedure 26(a)(2)(B).**

    Claimant intends to take depositions of Plaintiff's expert witness(es) and believes this can be accomplished by December 6, 2024.

**9.** **If the parties are not agreed on a part of the discovery plan, describe each party's sperate views and proposals.**

The parties are in agreement.

**10.** **Specify the discovery beyond initial disclosures that has been undertaken to date.**

The parties have each had their respective surveyors inspect and survey the damage Plaintiff claims to its property.

**11.** **Specify any modifications to the Preliminary Scheduling Order that one or more parties requests.**

The parties do not request any modifications to the Preliminary Scheduling Order.

**12.** **Describe what each party has done or agreed to do to bring about a prompt resolution of the case.**

The parties have agreed to engage in good-faith settlement discussions. The parties are optimistic that they may be able to resolve this matter within the next 4-5 weeks without the need for any additional discovery or court intervention.

**13.** **State the Alternative Dispute Resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

Plaintiff states that mediation is reasonably suitable. If the parties are unable to settle this dispute within the next 4-5 weeks, Plaintiff believes mediation would be effective within 90 days from service of initial disclosures.

Claimant also states that mediation is reasonably suitable. Claimant believes that mediation would be appropriate within six months of the initial court conference date and potentially sooner, depending upon the information developed during initial discovery activities.

**14.**     **Magistrate judges may now hear jury and non-jury trials.  Indicate each party's respective position on a trial before a magistrate judge.**

The parties do not consent to proceed before a United States Magistrate Judge.

**15.**     **State whether a jury demand has been made and if it was made on time.**

This is a maritime and admiralty case that will be tried to the bench.

**16.**     **Specify the number of hours presenting the evidence in this case will take.**

The expected length of trial needed to present the evidence in this case is estimated to be 2-3 days.

**17.**     **List pending motions that could be ruled on at the Initial Pretrial Conference.**

There are no pending motions at this time.

**18.**     **List other motions pending.**

There are no pending motions at this time.

**19.**     **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference, and/or that could facilitate a prompt, efficient, and cost-effective preparation of the case.**

Some of the eyewitnesses that Plaintiff may want to depose are on a vessel at sea, so the parties anticipate having to make special accommodations to complete said depositions.

**20.**     **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**For Plaintiff**, Signet Maritime Corporation:

Gaitas & Chalos, P.C.
Jonathan M. Chalos, Esq.
Federal Bar #: 3008683
Texas Bar #: 24097482
chalos@gkclaw.com
1908 N Memorial Way
Houston, Texas 77007
Tel: (281) 501-1800
Fax: (832) 962-8178

**For** Shanghai Ming Wah Shipping Co. Ltd., as Claimant of the M/V CHANG HANG HUI HAI, *in rem*:

Royston Rayzor
Eugene W. Barr, Esq.
Federal Bar #: 1144784
Texas Bar #: 24059425
Eugene.barr@roystonlaw.com
1415 Louisiana St.
Suite 4200
Houston, Texas 77002
Tel: (713) 224-8380
Fax: (713) 225-9945


/s/Jonathan M. Chalos                              **Date:** April 29, 2024
Counsel for Signet Maritime Corporation

/s/Eugene W. Barr (with permission)                **Date:** April 29, 2024
Counsel for Shanghai Ming Wah Shipping Co.,
Claimant of the M/V CHANG HANG HUI HAI


## CERTIFICATE OF SERVICE

    I certify that on April 29, 2024, the foregoing was filed using the Court's CM/ECF filing system, which will send electronic notification of this filing to counsel of record.

                                                                                                                 /s/Jonathan M. Chalos
                                                                                                                 Jonathan M. Chalos